IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DURAN,<br><br>          Plaintiff,<br><br>   vs.<br><br>IRS, an informal enterprise affecting instate commerce, DOUGLAS H. SHULMAN (Commissioner of Internal Revenue Service, ELIZABETH MUNIZ, MARYANN ROSE ENCISO, B. PRAWL, DIANNE FEINSTEIN (United States Senator), individual predicate actors who are either members of or aid and abet violations of 18 USC 1961 & 1962 with the expectation of benefiting [sic] from the unlawful acts,<br><br>          Defendants. | No. CV-F-09-345 OWW/DLB<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S "NOTICE OF INSTANT MOTION FOR IMMEDIATE RELIEF" WITHOUT PREJUDICE (Doc. 5) |

On February 25, 2009, Plaintiff John Duran, proceeding *in pro per,* who refers to himself as "Aggrieved Party," filed a "Petition, Claim and Complaint Under Authority of 18 U.S.C.

1

Section 1964(a) - Rackerteering [sic], Fourth and Fifth Amendments United States Constitution Denial of a Due Process of Law, Unlawful Confiscation of Property, Federally Protected Rights 42 USC 1983, For Injunctive and Declaratory Relief and Other Damages as the Court Shall Determine Reasonable, Lawful and Just." Defendants are the Internal Revenue Service, alleged by Plaintiff to be an "informal organization,", IRS Commissioner Douglas H. Shulman, IRS Revenue Officer Elizabeth Muniz, IRS Group Manager Maryann Rose Enciso, IRS Settlement Officer B. Prawl, and United States Senator Dianne Feinstein." The Complaint alleges:

> Aggrieved Party in this action John Duran a law abiding citizen has exhausted every effort in attempting to resolve the unlawful collections practices committed by all Defendant [sic] mentioned in this matter. *This complaint does not challenge the validity of the federal income tax. This complaint is solely directed at the numerous criminal violations of federal law committed by the defendants denying, blocking and depriving Aggrieved Party a 'Due Process' in violation of the Internal Revenue Code. The code provides for a Collections Due Process hearing and a Collection Due Process Appeal both of which the IRS has deprived Aggrieved Party with* [sic]. Aggrieved Party made modest payments toward tax balances while awaiting pertinent information requested from the IRS in order to steer larger payments toward the correct balances allegedly owed by Aggrieved Party. The IRS never objected or demanded larger payments from Aggrieved Party while failing to disclose any information to Aggrieved Party. Payments made to the IRS were requested to be channeled to certain years in order that the smallest balances could be paid in full. The IRS Commissioner, IRS employees and associates commenced unlawfully levying Aggrieved Partys' [sic]

2

> earnings commencing on or about August or September of 2008 in violation of Title 26 ... that a Notice of Levy must be accompanied by an 'attachment' of levy court order, which subsequently violated USC 18, Section 1341 'Fraud,' 26 USC 3432 by refusing, depriving and denying to relax or release a levy which has reduced Aggrieved Party and his dependent spouse to poverty further violating 26 USC 6331 and 26 USC 6334 Title 26 statutes. In short 6331(h)(1) and (2)(B) provide a maximum limitation of 15% on levies against wages, salary and other income, which states 'continuous levy <u>shall</u> attach to up to 15% of any specified payment due to the taxpayer.'
>
> ....
>
> The absents [sic] of any lawful Court Orders in dealing with any Notices to Levy to any institution or employer is considered a criminal act of United States Mail Fraud. Undeniably, absent [sic] of any lawful Court Order, the defendants have used the Department of the Treasury for purposes of fraud and extortion.

The Complaint prays for the following relief:

> The cause of justice and proper application of law justly requires this court's Order enjoining the Internal Revenue Service from any further collection activity until all claims are fully resolved and return of all sums wrongly collected. The IRS shall be ordered to pay for damages inflicted upon Aggrieved Party and his family as a result to [sic] the IRS Commissioner, employees and associates caused as a result of the unlawful confiscation of Aggrieved party means of living.

On March 11, 2009, Plaintiff filed a "Notice of Instant Motion for Immediate Relief and Motion":

> Aggrieved Party is requesting that the court take immediate action in relaxing and stopping any further collections practices by the opposition in regards to this matter until the court is given the opportunity to review the collection practices that have

> driven the Aggrieved Party into a financial 'hardship.' Aggrieved Party is having difficulty paying utility bills and is unable to enter into a home modification program due to the unlawful confication [sic] of monies the Internal Revenue Service has engaged in. Because the IRS has levied more than 15% in violation of IRC/Regulations the Aggrieved Party cannot indicate in the modification program that he has the ability to make his home payments. On March 1, 2008 the IRS levied $2500.00 from Aggrieved Partys' [sic] earnings. Aggrieved Party was left with only $330.00 to live on.
>
> The IRS is now engaging in retaliation to further place Aggrieved Party in the state of poverty. On February 19, 2009, Elizabeth Muniz, IRS representative demand [sic] that Aggrieved Party provide his Form 1040 for his 2008 taxable year. The 2008 tax year requirement are [sic] not due until April 15, 2009. Muniz is acting with malice and with intent to inflict emotional distress thus damaging Aggrieved Party. Muniz and all other associates named in this action have violated Aggrieved Partys' Constitutional 'Rights' and should be subject to criminal action. A person who takes, confiscates, deprives, steals or robs a citizens [sic] of his property with [sic] a lawful Court Order has committed a crime.
>
> WHEREFOR AGGRIEVED PARTY PRAYS that the court issue an [sic] Lawful Order to seize [sic] any collections and order to IRS to return unlawfully confiscated monies until 'Due Process' has been established.

There is no indication on the docket or in Plaintiff's motion that he has affected service of summons and the Complaint on Defendants as required by Rule 4, Federal Rules of Civil Procedure. The Court will not consider the relief requested by Plaintiff's motion in the absence of proof of service of summons and complaint in compliance with Rule 4 and will not consider

4

such relief in the absence of actual notice of Plaintiff's request pursuant to Rule 65-231(a), Local Rules of Practice.[1]

Further, the Anti-Injunction Act, 26 U.S.C. § 7421(a), provides:

> Except as provided in sections 6015(e), 6212(a) and (c), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

None of the statutory exceptions to the Anti-Injunction Act apply to the allegations of Plaintiff's complaint.

A judicial exception to the Anti-Injunction Act exists when a taxpayer demonstrates: (1) under no circumstances can the United States ultimately prevail on the merits of the case; and (2) the taxpayer will suffer irreparable injury without injunctive relief. *Elias v. Connett*, 908 F.2d 521, 525 (9th Cir.1990). The taxpayer bears the burden of pleading and proving facts to show that the government cannot ultimately prevail. *Id.* The government need only have a good faith basis for its claim in

---

[1] Rule 83-183(a), Local Rules of Practice, provides:

> Any individual who is representing himself or herself without an attorney is bound by the Federal Rules of Civil ... Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal ... or any other sanction appropriate under these Rules.

5

order to obtain a dismissal. *Id.* No special consideration is granted to injunctions against tax collection sought on constitutional grounds. "[D]ecisions of this Court make it unmistakably clear that the constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti-Injunction Act." *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 759 (1974).

Plaintiff has not made the requisite showing. Plaintiff undoubtedly will not prevail on his claims against Defendants for violation of RICO because Plaintiff cannot proceed against the IRS or the IRS employees under RICO. *See Donahue v. F.B.I.*, 204 F.Supp.2d 169, 173-174 (D.Mass.2003); *Jeanette v. Holsey*, 2006 WL 1984734 (M.D.Pa.2006). Plaintiff cannot proceed against Defendant IRS employees for alleged violations of constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation,* 403 U.S. 388 (1971) because *Bivens* does not apply to cases where IRS employees are alleged to have improperly collected federal income taxes. *Adams v. Johnson,* 355 F.3d 1179 (9th Cir.2004); *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096 (1991).[2] Plaintiff cannot proceed against the IRS employees for damages arising out of allegedly tortious acts in the collection of taxes. 28 U.S.C. § 2680(c). Plaintiff's claim that Defendants improperly levied

---

[2] Plaintiff's reliance on 42 U.S.C. § 1983 as the basis for constitutional claims against Defendants is incorrect. Section 1983 applies to state action.

6

upon more than 15% of his wages in violation of 26 U.S.C. § 6331(h)(1) and 2(b) appears to be without merit.  26 U.S.C. § 6331(h) pertains to continuing levies on certain payments and provides:

> (1) In general. - If the Secretary approves a levy under this subsection, the effect of a levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released.  Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer.
>
> (2) Specified payment. - For purposes of paragraph (1), the term 'specified payment' means -
>
> (B) any payment described in paragraph ... (9) ... of section 6334(a) ....

26 U.S.C. § 6334(a) provides:

> There shall be exempt from levy –
>
> ...
>
> (9) Minimum exemption for wages, salary, and other income. - Any amount payable to or received by an individual as wages or salary for personal services ... to the extent that the total of such amounts payment to or received by him during such period do not exceed the applicable exempt amount determined under subsection (d).

In *United States v. Marsh,* 89 F.Supp.2d 1171, 1178-1179 (D.Hawaii 2000), the District Court rejected the taxpayer's argument that Section 6331(h) limited an IRS levy to 15%:

> Marsh reads the words 'notwithstanding section 6334' in Section 6331(h) as eliminating the right of the IRS to levy amounts exceeding the 'minimum exemption'

7

> referred to in section 6334(a)(9). According to Marsh, section 6331(h) now limits any continuous levy on wages, salary, and other income to 15% of the wages, salary, and other income. This reading makes a nullity of 26 U.S.C. § 6334(d), which calculates the exempt amount listed in section 6334(a)(9). The court declines to read section 6331(h) as repealing provisions not expressly repealed. Instead, the court reads section 6331(h) as expanding the right of the IRS to levy amounts previously exempt from levy under section 6334. This reading gives effect to all of the statutory provisions in issue. *See* H.R.Rep. No. 148, at 1061 (1997), *reprinted in* 1997 WL 353016, U.S.Code Cong. & Admin.News 1997, p. 678 ('The Committee believes that if wages are subject to levy, wage replacement payments should also be subject to levy. In addition, the Committee believes that it is inappropriate to exempt from levy one type of annuity or pension payment while most other types of these payments are subject to levy'). Thus, the court reads section 6331(h) as subjecting to levy the minimum exemption for wages, salary, and other income.
>
> What this means is that, instead of being permitted to levy only the excess over the exempt amount, the IRS could levy that excess plus up to 15% of the exempt amount.

Finally, Plaintiff's claim that the "Notice of Levy must be accompanied by an 'attachment' of levy court order" is without merit. The IRS may collect an assessment of tax by levy without a prior judicial hearing. *See Maisano v. Welcher*, 940 F.2d 499, 502 (9th Cir.1991), *cert. denied*, 504 U.S. 916 (1992); *United States v. Pursell*, 1995 WL 273175 at *6 (E.D.Cal.1995).

For the reasons stated:

1. Plaintiff's "Notice of Instant Motion for Immediate Relief and Motion" is DENIED WITHOUT PREJUDICE.

8

IT IS SO ORDERED.

**Dated:     March 16, 2009**                                   **/s/ Oliver W. Wanger**
                                                                 UNITED STATES DISTRICT JUDGE