UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DURAN, | ) | 1:09cv0345 OWW DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| IRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff John Duran ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on February 25, 2009. For the reasons stated below, the Court recommends that Plaintiff's complaint be dismissed without leave to amend.

**DISCUSSION**

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Allegations

Plaintiff sues the Internal Revenue Service ("IRS'), IRS Commissioner Douglas H. Shulman, revenue officer Elizabeth Muniz, group manager Maryann Rose Encisco, settlement officer B. Prawl and United States Senator Dianne Feinstein for violations of the Fourth and Fifth Amendments to the United States Constitution, violation of his civil rights (42 U.S.C. § 1983) and Racketeer Influenced and Corrupt Organizations ("RICO") violations pursuant to 18 U.S.C. § 1961 et seq.

Plaintiff alleges that the IRS denied, blocked and deprived him of a Collections Due Process Hearing ("CDPH") following a notice of levy in violation of his constitutional right to due process. Plaintiff further alleges that the IRS Commissioner and IRS employees and associates unlawfully levied his earnings beginning in August or September 2008. Plaintiff claims that the defendants did not have a lawful court order to levy his earnings and he cites to statutory levy amounts.

Plaintiff seeks injunctive and declaratory relief, along with damages.

C.  Analysis

    1.  Sovereign Immunity

Plaintiff appears to sue the federal Defendants in their individual and official capacities. Plaintiff, in part, identifies the individual defendants by their respective titles and submits exhibits identifying them in their official capacities. See Complaint and Exhibits C, D and E. Official capacity claims against individual defendants must be construed as claims against the entity by whom they are employed. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (suit against IRS employees in their official capacities "essentially a suit against the United States"; citation omitted).

Plaintiff may not assert federal civil rights claims against federal agencies. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). The United States has not waived sovereign immunity with respect to constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951 (9th Cir.1991); Thomas-Lazear v. Federal Bureau of Investigation, 851 F.2d 1202, 1207 (9th Cir.1988); see Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir.), cert. denied, 522 U.S. 815, 118 S.Ct. 62, 139 L.Ed.2d 25 (1997) (doctrine of sovereign immunity extends to federal employees in their official capacities).

To the extent that Plaintiff attempts to assert a RICO cause of action against the IRS or United States, he may not do so. Aside from the fact that the elements of RICO have not been adequately alleged, RICO claims cannot be asserted against federal agencies or the federal government. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991) ("it is clear that there can be no RICO claims against the federal government") (citation omitted); accord McNeily v. United States, 6 F.3d 343, 350 (5th Cir.1993); Taxpayers of United States of America v. Bush, 2004 WL 3030076, at *6 (N.D.Cal. Dec.30, 2004); Dees v. California State Univ., Hayward, 33 F.Supp.2d 1190, 1201 (N.D.Cal.1998).

    2.    Individual Capacity

To the extent that defendants are sued in their individual capacity, Plaintiff alleges violation of his constitutional right to due process, improper seizure of his property and section 1983 violations. The Court therefore construes Plaintiff's complaint as an action under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), which allows, in certain circumstances, a suit for damages to be maintained against a federal actor in his or her individual capacity for alleged violation of constitutional rights. This is similar to an action under 42 U.S.C. § 1983, except that section 1983 applies to state officials, whereas Bivens applies to federal officials. Christian v. Crawford, 907 F.2d 808, 810 (8th Cir.1990).

Insofar as Plaintiff's claims relate to violations of RICO and his constitutional rights by IRS employees in their individual capacities, however, Congress has established a

comprehensive statutory scheme for seeking redress in federal tax matters, which Plaintiff has not followed. See 26 U.S.C. § 7433; Adams v. Johnson, 355 F.3d 1179, 1186 (9th Cir.2004) (Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection and Bivens relief unavailable for suit against IRS auditors and officials).

Further, the Ninth Circuit has not recognized constitutional violations arising from the collection of taxes. Wages v. Internal Revenue Service, 915 F.2d 1230, 1235 (9th Cir. 1990) (considering Bivens claim against IRS agents for alleged violations of rights under Fourth and Fifth amendments), cert. denied, 498 U.S. 1096 (1991).

3.  Assessed Tax Liability

To the extent that Plaintiff seeks review of the IRS's denial or failure to provide a CDPH in connection with a determination of income tax liability and a related tax levy on his wages, the Court lacks jurisdiction. The Internal Revenue Code governs the procedure to be followed before the government can levy property for collection of taxes. See 26 U.S.C. § 6330. According to the statute, a taxpayer must be notified in writing of their right to a hearing before the government can proceed with the collection of taxes by way of a levy on a taxpayer's property. The notice must be provided at least 30 days prior to imposition of the levy and must include information such as the amount of the unpaid taxes, the right to request a hearing and actions that could prevent the levy.

The hearing provided by 26 U.S.C. § 6330(b), however, is a hearing before the Internal Revenue Service Office of Appeals. Within thirty days of a decision, the taxpayer may appeal the decision to the Tax Court. 26 U.S.C. § 6330(d)(1). The statute further provides that jurisdiction shall remain with Internal Revenue Service Office of Appeals. 26 U.S.C. § 6330(d)(2).

Plaintiff's complaint is devoid of sufficient facts to determine where he is in the process of contesting the levy, but suggests that his request for a CDPH hearing was denied. In any event, this Court has no jurisdiction over Plaintiff's claims relating to income tax liability. These

| | |
|---|---|
| 1 | claims are under the exclusive jurisdiction of the United States Tax Court. See 26 U.S.C. § |
| 2 | 6330(d)(1) (providing Tax Court with jurisdiction over an appeal from a tax levy determination |
| 3 | when it has jurisdiction over the underlying tax liability); 26 C.F.R. § 601.102(b)(1)(i) |
| 4 | (providing the Tax Court with jurisdiction over assessed but unpaid income taxes). |

This Court also lacks jurisdiction to the extent Plaintiff attempts to raise due process violations regarding his assessed taxes. District courts do not have jurisdiction over civil claims challenging taxes unless litigants first pay the assessed tax and then raise these claims in a refund suit. Flora v. United States, 362 U.S. 145 (1960) (holding 28 U.S.C. § 1346(a), which gives district courts jurisdiction over civil suits challenging tax assessments, requires full payment of assessed tax prior to suit). Plaintiff's complaint acknowledges that a balance exists upon an imposed tax deficiency by indicating that he as made modest payments toward tax balances. Complaint, p. 4.

Plaintiff's complaint therefore fails to state a claim for which relief may be granted, and he cannot cure these deficiencies by amendment. Therefore, the Court finds that the action should be DISMISSED WITHOUT LEAVE TO AMEND.

### **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **March 17, 2009**          /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE